Now proceed to hear Mr. Brogdon's appeal. Mr. Gruenstein? Yes, Your Honor. Thank you, and may it please the Court, my name is Benjamin Gruenstein, and I represent Canel Brogdon on appeal. Mr. Brogdon was sentenced by the District Court to 210 months in prison for the crime of racketeering conspiracy. However, because of undischarged state sentences for crimes that the government concedes were relevant conduct to that federal crime, he will serve approximately 245 months in prison. These additional 35 months represent time that the defendant spent in custody after receiving his state sentence, including approximately two years that he spent in federal custody awaiting trial and then sentencing on his Mr. Brogdon received no credit against his federal sentence for time that he was sitting in federal jail awaiting federal trial and sentencing. Section 5G 1.3b of the sentencing guidelines is meant to discourage judges from imposing consecutive state and federal sentencing for the same crime, and B1 in particular is meant to prevent precisely what happened to B1, I quote, the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the District Court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons. Here Brogdon would not receive credit by the Bureau of Prisons for the approximately three years he served after receiving his state sentence under 18 U.S.C. 3585b, which provides that the BOP only gives credit for time, quote, that has not been credited against another sentence. Had the court applied 5G 1.3b1, it would have adjusted Mr. Brogdon's sentence by 35 months. The court failed to apply B1 or even consider how it would be applied and thus committed procedural error. So let me interrupt for a minute, please. The District Court mentioned 5G 1.3b at sentencing and mentioned the, he says the defendant is already serving an undischarged term of imprisonment in New York State for criminal conduct relevant to the offense. So that suggests that the District Court was considering this. Is this a binding directive by the Sentencing Commission? Or was the District Court free to take it into consideration and then still impose a fully consecutive sentence? And to the extent there's ambiguity, shouldn't we just remand for a further explanation? Or do we have to do something more than that? Yes, Your Honor. While the guidelines in 5G 1.3b do speak in mandatory terms, of course, the guidelines are only advisory on the state court judge. And here the state court judge did quote the full 5G 1.3b, but it appears and said that the federal sentence should run concurrently. But it appears that the District Court judge did not consider the first prong of 5G 1.3b. But I do agree with Your Honor that the correct outcome here, because while respectfully there's no ambiguity, it appears that the judge did not consider the first prong of 5G 1.3b, the right outcome would be to remand the court for consideration of 5G 1.3b in full and then application of or calculation of a sentence based on that guidelines calculation. In this case, after, I'm sorry. I was just saying, all right, I understand. Thank you. In this case, after reading 5G 1.3b into the record, the court then said, quote, the parties, however, stipulated in the plea agreement, the terms of incarceration should run concurrently and cited to the plea agreement and then said, and this court so orders. So if anything, it appears that the judge was aware of 5G 1.3b, but felt that the plea agreement controlled, although of course the plea agreement only applied to the second prong, not the first prong of 5G 1.3. What the government now asks this court to do is to assume that the, or infer that the district court affirmatively intended to withhold application of 5G 1.3b1 because of the defendant's characteristics and the nature of the offense. In particular, the government at 43 and 44 of its brief says that Brogdon was a leader of two violent gangs with prior convictions who participated in horrific attempted murder and a widespread narcotics trafficking conspiracy. But those facts, which clearly motivated the judge to impose a sentence at the very highest end of the guidelines range were never cited by the district court as the basis for rejecting defense counsel's 5G 1.3b1 argument. If there are no further questions. Yeah. So a clarification and potentially a resentencing if in the district court's judgment, on reflection, it misunderstood the import of the agreement, the plea agreement, and the directive of 5G 1. Do you think that both those might be possible outcomes? Yeah, I think that together would be an appropriate outcome in this case. Okay. Very good. We'll hear from the government then. Thank you, Your Honor. Again, this is Alon Lipschitz representing the government in this appeal. I submit the court, the district court should not be found to have erred in its decision or in explaining it. It plainly did consider 5G 1.3b1. As Mr. Gruenstein observed, it quoted that provision and I'd like to put that in context within the record. First of all, the argument was made below clearly, forcefully, and repeatedly by defense counsel. It was made prior to sentencing. It was made at sentencing. The district court stated early in sentencing, this is in a joint appendix at 222, that Brogdon sought a sentence of 75 months. And I'm quoting now, quote, further arguing that 75 months is the lower end of the guidelines range when accounting for the defendant's time that he has already served, unquote, which fully captures the substance of the argument. Counsel then made the argument again with specific reference to the guideline provision that's at 257 to 258. And then as Mr. Gruenstein noted, the court actually quoted both parts of 5G 1.3b. That's at 282, that's the joint appendix. So I'm looking at that part of the joint appendix and I'm not seeing where he actually applied them. In fact, he quotes them at length and then says the sentence that Mr. Gruenstein just read that the parties, however, stipulated in the plea agreement, the terms of incarceration should run concurrently, plea agreement paragraph two, and this court so orders. And I don't really see that as an application of 5G 1.3. So your honor, I think what's being asked of the panel here is to find that after an argument was clearly made to the district judge, the judge identified the argument, described it fairly, and quote the rule that it was based on, that the panel would have to find, I think, to reverse here that the district judge didn't understand the argument or didn't appreciate that he had to consider the rule that he had just quoted. I don't think... Well, of course, one might not reverse. One could remand for clarification about what the court was understanding it was doing with respect to this concurrent amount, because it is troubling that the numbers came out as they did. It doesn't really reflect, to my reading, a concurrent imposition of credit for the full credit for the state sentence, which has a double jeopardy about it. Your honor, I do recognize there are cases certainly authorizing this panel to do that. The reason I don't think it's warranted here is because the judge did make a significant modification by imposing a concurrent sentence in the first place. And under the factual findings, the extensive findings made by the court, there was ample reason not to further reduce the sentence, which is that while we agree that the state sentence was based on relevant conduct, which was encompassed by the racketeering conspiracy here, it was just one aspect of Brogdon's criminality. It was a violent crime that I think the panel doesn't need me to describe here, but he was also a leader to... Well, you seem to indicate that the argument was clearly made, but was it clearly made with respect to the three years specifically? Yes, with the exception that I believe below, defense counsel assumed that five years was at stake. He'd been... Brogdon had been in state jail or prison for approximately five years at the time of the federal sentencing, and I believe counsel now believes he would be credited for some of that time, specifically the time that preceded his conviction, which seems right to me. So, yes, the defense made that argument below. And did the judge say, and by the way, I'm not... He's not going to get credit for whatever the period of time is. Your Honor, he didn't say those words, no. I do think by... There are cases when a judge does not acknowledge an argument was made, doesn't acknowledge a sentencing guideline or a 35-53 factor that seemed important and reversal or even sending a case back for an explanation may be warranted. But here where a court restated the argument and cited the provision and made extensive factual findings, I don't think there's any question... He didn't restate any argument with respect to the time that had already been served, did he? I submit he did, Your Honor, at Joint Appendix 222, the part I quoted earlier. I can quote it again if it's helpful. Quote it again. Sure. He said that the Brogdon sought a sentence of 75 months, quote, further arguing that 75 months is the lower end of the guidelines range when accounting for the defendant's time that he has already served, unquote. So he recognized the 75 months that was sought was effectively the bottom of the guidelines range minus the five years that defense counsel believed he wouldn't be credited for. Gee, I'm not sure that... You have a minute left. ...we're talking about. Your Honor, I think the court did not cite the guidelines provision there, but I do think that is the substance of the argument that was made below and would have gotten Brogdon exactly what he wanted, which is not only concurrent time, but also a reduction based on the time he had already served. We'll review the record carefully in that respect. 222 and then 282, I think? Yes, Your Honor. Okay. Thank you. Thank you. And I'll note the court also quoted the rule shortly after in a written opinion, but I recognize it was issued shortly afterward, but I think it's totally consistent with what happened in court. That's at 304. But asking for a reduction isn't the same as asking for the full sentence to run concurrently with the full-time serve. No, it's partway there, but the court did run the sentence concurrently. He just didn't reduce the sentence in recognition of the state time, but he absolutely ran it concurrently to both state sentences. Okay. So Brogdon got one of the two things he was asking for under 5G 1.3b. Okay. All right, Mr. Lifshitz, I think your time has expired. Thank you. Very good. Mr. Gruenstein, you have three minutes of rebuttal. Thank you, Your Honor. I just wanted to make one point, which was that Mr. Lifshitz said that defense counsel did raise this argument about getting an adjustment for state time several times, and she in fact did, and that's why we're here on harmless error review. It is worth pointing out, however, that the government, to my knowledge, both in briefing and at the sentencing hearing, did not address the argument. So there were clearly many arguments about what the right sentence should be, including allegations of breach of the plea agreement, questions about role adjustment. So this was not a prominent argument. So there's really no basis to infer that the court did address the argument simply because defense counsel had raised it. If there are no further questions, I will submit on the Bruce. Thank you very much. Well argued. We'll take the matter under advisement.